INHABITANTS OF ROCKPORT *vs.* INHABITANTS OF SEARSMONT.

Knox.    Opinion February 25, 1908.

*Insane Persons.    Illegal Commitment to Hospital.    Recommitment.    Expenses of
Commitment and Support in Hospital.    Liability of Town of Pauper
Settlement.    Pauper Notices.    Notice to Town of Pauper Settlement.
R. S., chapter 27, section 37; chapter 144, sections 24, 42.*

The case at bar is an action brought by plaintiff town to recover certain
expenses incurred by it in committing one Grace E. Farnham to the Insane
Hospital, whose pauper settlement was alleged to be in the defendant-
town, also to recover the sums paid by the plaintiff town for the support
of the said Farnham in said hospital.  The case has once before been
before the Law Court on questions involving the legality of the original
commitment of said Farnham to said hospital, and the constitutionality
of Revised Statutes, chapter 144, section 42, providing for a recommitment
in cases where the original commitment was unlawful.  The Law Court
held that original commitment of the said Farnham was illegal, the recom-
mitment legal and the statute constitutional.  ·

The statute authorizing a recommitment in express terms provides for the
recovery of all the expenses of the illegal commitment and support of the
person so committed.  This statute when the same was declared constitu-
tional gave legal force to the plaintiffs' account and made it actionable
precisely as it would have been if the original commitment had been legal,
and brought it within the same rule with respect to the effect of notice as
would have applied, if it had been an ordinary account for pauper supplies.

When a person unlawfully committed to the Insane Hospital has been legally
recommitted, the expenditures under the illegal commitment are revived
and at once come within the application of Revised Statutes, chapter 27,
section 37, pertaining to notice and limitation of actions in pauper cases.

When a person unlawfully committed to the Insane Hospital, has been
legally recommitted, the town committing has a right of action against the
town liable for the support of such person for the recovery of any of
the expenditures specified in Revised Statutes, chapter 144, section 42,
"incurred within three months before notice given to the town charge-
able," whether such notice is given before the date of the recommitment
or after, provided the suit is commenced within two years after the cause
of action accrues.

The notice to be given by one town to another under the provisions of
Revised Statutes, chapter 27, section 37, is not required to be of any par-
ticular form, and when such notice is accompanied by an explanatory

letter the notice and the letter should be construed together and if they together contain the essential information required by the statute they constitute a sufficient notice if properly addressed and signed.

In the case at bar, *held:* That the notice and explanatory letter when construed together, were sufficient in form and in substance and must be regarded in law as having stated the facts.

On exceptions by defendants. Overruled and judgment for plaintiffs.

Writ dated March 2, 1905. Plea, the general issue.

The case as stated by the bill of exceptions, is as follows :

"This action is brought to recover the expense of commitment of one Grace E. Farnham to the Insane Hospital in Augusta and for her support therein from January 20, 1904, to November 30, 1904, being one hundred and fifty-three dollars and eighteen cents ($153.18) and interest, amounting in all to one hundred and seventy-six dollars and thirteen cents ($176.13) at the time of the trial, for which sum a verdict was rendered in favor of the plaintiffs.

"At the September term A. D. 1905 of said court, this case came on for trial and by agreement of parties was sent to the law court on report of the evidence and the decision of the Law Court is reported in 101 Maine, 257.

"The case again came on for trial, at the September term 1907 of said court, and was tried before a jury together with another case brought by the same plaintiffs against the same defendants to recover the expenses of all of the support of the same person in the Insane Hospital to November 30 1906 on which they recovered two hundred eighty dollars and fifty cents ($280.50) and interest being the amount not included in the account in the first suit.

"It was admitted that Grace E. Farnham was committed to the Insane Hospital at Augusta by the municipal officers of the town of Rockport on the 20th day of January A. D. 1904 and that said commitment was illegal. It was further admitted that said Grace E. Farnham was recommitted to said Insane Hospital by the Judge of the Municipal Court of the City of Augusta on the 14th day of January A. D. 1905, and that said recommitment was legal.

"At the trial the plaintiffs by their counsel offered in evidence

the following notice and letter which were objected to by defendants' counsel:

"To the Overseers of the Poor of the Town of Searsmont, in the county of Waldo, in the State of Maine:

"Gentlemen:

You are hereby notified that Grace E. Farnham, aged 21 years, daughter of Ansel D. Farnham, an inhabitant of your town, having fallen into distress, and in need of immediate relief in the town of Rockport, the same has been furnished by said town of Rockport on account and at the proper charge of the town of Searsmont where said Grace E. Farnham has legal settlement; you are requested to remove said Grace E. Farnham or otherwise provide for her, without delay, and to defray the expense of her support up to this date which are———

"Dated at Rockport, this 25th day of Jan. A. D. 1904.

Yours respectfully,

FRED W. ANDREWS (ch. bd.)

Overseer of the Poor of Rockport.

Rockport, Jan. 25, 1904.

"Overseers of Poor, Searsmont.

"Gentlemen:

"Inclosed find notice account Grace E. Farnham daughter of Ansel D. Farnham. The lady above referred to was committed to the Insane Hospital for this town last Thursday. At the time of her commitment she was residing with her sister Mrs. Lufkin and upon examination after calling evidence we concluded that for her good and all others interested, we caused her to be committed to the Insane Hospital at Augusta, where we trust after a short time she may be returned to her friends.

Respectfully,

FRED W. ANDREWS

(ch. bd.)  Selectmen."

"The presiding Justice against the objection of the defendants admitted the foregoing notice and letter in evidence, to which ruling the defendants' counsel then and there excepted.

"The plaintiffs by their counsel also offered in evidence the following notice, which was objected to by the defendants' counsel :·

"To the Overseers of the Poor of the town of Searsmont, and to said Town in the County of Waldo in the State of Maine :

"You are hereby notified that Grace E. Farnham, aged about twenty-one years, daughter of Ansel D. Farnham, a person having her legal settlement in said Town of Searsmont, has fallen into distress in said Town of Rockport, and upon complaint duly made, has by virtue of section 16 and following sections of chapter 144 of the Revised Statutes of Maine, been committed to the Insane Hospital at Augusta, Maine, and the same has been done and the expense of examination, commitment and support in said asylum, by virtue of the provisions of said statute, been furnished and paid by the town of Rockport on the account and at the proper charge of said town of Searsmont, where said Grace E. Farnham has her legal settlement, and you are requested forthwith to reimburse said town of Rockport for the amount paid therefor, and to assume the board and expense of said Grace E. Farnham, at said hospital, or hereafter reimburse said town of Rockport, as they may be required to pay the same. The sum so expended to this date is one hundred twenty and forty-three one hundredths ($120.43) dollars.

Dated Rockport, Maine, this 28th day of December, 1904.

FRED W. ANDREWS,
CORYDON S. YORK.

Municipal Officers, Board of Examiners and Overseers of Poor of said Town of Rockport.

"The presiding Justice against the objection of the defendants admitted the foregoing notice in evidence to which ruling the defendants by their counsel then and there excepted.

"It is admitted that both of these notices were received by the overseers of the poor of the town of Searsmont, and denials of pauper settlement on the usual printed blanks seasonably returned by them to the overseers of Rockport.

"No other notice was served on the defendant town prior to the commencement of this suit.

"The plaintiffs then introduced in evidence the following notice :

"To the Overseers of the Town of Searsmont, in the County of Waldo, State of Maine :

"You are hereby notified that Grace E. Farnham, aged about twenty-one years, daughter of Ansel D. Farnham, a person having her legal settlement in the Town of Searsmont, has fallen into distress in the Town of Rockport, and upon complaint duly made was committed to the Maine Insane Asylum at Augusta, Maine; that said commitment being illegal, the said Grace E. Farnham was on the                    day of January, 1905, recommitted to said Hospital.

"That the expense of examinaton, commitment and support at the insane Hospital, both for the commitment and recommitment has, under the provisions of the Statutes of the State of Maine been furnished by the Town of Rockport, as if incurred for the ordinary expenses of a pauper, on account and at the proper charge of said Town of Searsmont, where the said Grace E. Farnham has her legal settlement, and you are requested forthwith to reimburse said Town of Rockport therefor, or hereafter reimburse said Town of Rockport as they may be required to pay the same.

"Dated Rockport, Me., this 27th day of February, 1905.

FRED W. ANDREWS,
CORYDON S. YORK.

Municipal Officers, Board of Examiners and Overseers of the Poor of said Town of Rockport.

"It is admitted that the last notice was not sent to the overseer of the poor of Searsmont until after the date of this writ, and in the second suit, under the instructions of the court, the plaintiffs were permitted to recover and did recover the expenses of support of said Grace E. Farnham for three months next prior to the giving of this notice, but not the item of $32.75 paid January 7th, 1905, charged in the first suit.

"It was admitted that the expenses of the original commitment of Grace E. Farnham to the Insane Hospital and of her support in the Hospital charged in the account annexed to the writ were paid by the plaintiffs.

"The presiding Justice ruled that these notices were sufficient to enable the plaintiffs to recover all of the items charged in the account annexed to the writ with interest and instructed the jury to render a verdict for the plaintiffs for the sum of one hundred seventy-six dollars and thirty-six cents ($176.36) if they found that the legal pauper settlement of Grace E. Farnham was in the defendant town, to which ruling and instructions of the presiding Justice the defendants by their counsel then and there before the jury retired excepted and still do except."

At the time of the filing of the bill of exceptions, the parties also stipulated as follows :

"It is agreed that if the court find that the action can be maintained, judgment shall be entered for such sum as the court find is legally recoverable, otherwise judgment shall be entered for defendants."

*Arthur S. Littlefield*, for plaintiffs.

*R. F. Dunton and J. E. Moore*, for defendants.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, JJ.

SPEAR, J. This cause was before the court in 101 Maine, 257, involving the legality of the original commitment of a person to the Maine Insane Hospital, and the constitutionality of R. S., chapter 144, section 42, providing for a recommitment. This section reads : "When a person has unlawfully been committed to a hospital and recommitted under the three preceding sections, the person or town liable for the support of such person, had his original commitment been lawful, is liable for the expenses of the examination and commitment under such unlawful commitment, for the support of such person thereunder, for the expenses of the examination and recommitment under the three preceding sections, and for support thereafterward furnished under such recommitment, and such liability shall extend to the town of such person's settlement, and to any person ultimately liable for such patient's commitment and support under a lawful commitment."

The original commitment was held to be illegal, the recommitment legal and the statute constitutional.

A question also arose as to what notice if any, under this statute should be required to be given by the town committing, to the town liable for the support of the person committed, having a pauper settlement therein.   Upon this point the court held:   "While chapter 144 is silent as to the requirements of any pauper notices, either in the original or the recommitment proceedings, yet we think the entire scheme of the chapter is based upon the theory that the expenses and support incurred under it are in the nature of pauper supplies.

"In fact section 24 expressly provides that these expenses shall be recovered 'as if incurred for the expense of a pauper.'

"We are therefore inclined to the opinion that the proceedings under R. S., chapter 144, with respect to expenses and support of a person committed to the asylum by the town committing and not the pauper residence of such person, comes within the purview of - R. S., chapter 27, with reference to the notice required by one town to another in case of furnishing pauper supplies."   The opinion should have stopped here but it did not, and in appending another sentence by way of illustration of the rule, and not intending to limit the effect of the notice required, left the precise scope of its application ambiguous.   By the use of the word "only" in this sentence, the right of the plaintiff town to recover for expenses and support might be interpreted to be limited to a period of three months prior to the 27th of February 1905.   But such was not the logic or intention of the opinion, as will be clearly seen by reading it, nor should it now be so construed.

The statute authorizing a recommitment in express terms provides for the recovery of all the expenses of the illegal commitment and support of the person so committed.   This statute when declared constitutional gave legal force to the account and made it actionable precisely as it would have been if the original commitment had been legal, and brought it within the same rule with respect to the effect of notice as would have applied, if it had been an ordinary account for pauper supplies.

As was said in the opinion, "a recommitment having been made   .   .   .   .   then the statute takes effect and covers the

whole proceeding as one transaction, the recommitment being but a continuation of the proceedings of the original commitment." In other words, by recommitment the expenditures under the illegal commitment were revived and at once came within the application of R. S., chapter 27, section 37 pertaining to notice and limitation of actions, in pauper cases.

Now, applying this section with respect to notice, which is all the opinion intended to do, then it follows that the plaintiff town had a right of action for the recovery of any of the expenditures, specified in section 42, chapter 144, "incurred within three months before notice given to the town chargeable," whether such notice was given before the date of the recommitment, or after, provided the suit was "commenced within two years after the cause of action accrued."

This cause came before the court in the first instance as already stated, to test the legality of the original commitment, and the constitutionality of R. S., chapter 144, section 42, and, as stipulated, both these questions having been decided in the affirmative, was ordered to stand for trial.

At the subsequent trial at nisi the plaintiffs, in support of their claim under the rule laid down in the opinion, that the cause came within the statute regulating the proceedings for the recovery of pauper supplies, offered in evidence a notice and letter, admitted to have been sent by the overseers of the plaintiff town and to have been received by the overseers of the defendant town, dated the 25th day of January 1904, relating solely to the proceedings of the illegal commitment and of a date long prior to the time of the recommitment. The defendant objected to the admission of this notice and letter upon two grounds. First, because the notice was given and received, and the expenses sued for were all incurred and paid for, before the date of the recommitment proceedings, and at a time when the plaintiffs could not have maintained their action against the defendants. *Kittery* v. *Dixon*, 96 Maine, 368. Second, because the notice if otherwise admissible was not sufficient in substance to meet the requirements of the statute. The presiding Justice overruled both objections, admitted the evidence and the cause comes here upon exceptions to that ruling.

The first ground of objection has already been disposed of. The notice was competent evidence. Was it sufficient? The statute requires that a notice to be sufficient shall state "the facts respecting the person chargeable." The notice and letter, to the admission of which the exceptions were taken, are as follows:

"To the Overseers of the Poor of the Town of Searsmont, in the County of Waldo, in the State of Maine:

Gentlemen:

You are hereby notified that Grace E. Farnham, age 21 years, daughter of Ansel D. Farnham, an inhabitant of your town, having fallen into distress, and in need of immediate relief in the town of Rockport, the same has been furnished by said town of Rockport on account and at the proper charge of the town of Searsmont where said Grace E. Farnham has legal settlement; you are requested to remove said Grace E. Farnham or otherwise provide for her, without delay, and to defray the expenses of her support up to this date which are — — —

Dated at Rockport, this 25th day Jan. A. D. 1904.

Yours respectfully,

FRED W. ANDREWS, (ch. bd.)

Overseer of the Poor of Rockport.

Rockport, Jan. 25th, 1904.

Overseers of the Poor, Searsmont.

Gentlemen:

Inclosed find notice account Grace E. Farnham daughter of Ansel D. Farnham. The lady above referred to was committed to the Insane Hospital for this town last Thursday. At the time of her commitment she was residing with her sister Mrs. Lufkin and upon examination after calling evidence we concluded that for her good and all others interested, we caused her to be committed to the Insane Hospital at Augusta, where we trust after a short time she may be returned to her friends.

Respectfully,

FRED W. ANDREWS,

(ch. bd.) Selectmen."

It is not claimed by the plaintiffs that the notice alone is suffi-
cient to charge the defendants but it is contended that the notice and
the explanatory letter which accompanied it are to be read together
as one document, and when so construed, constitute a notice com-
plying with all the requirements of the statute. It is well settled
that the notice and letter should be construed together. No par-
ticular form of notice is required by the statute. A letter not
purporting to be a notice at all which contains the essential inform-
ation required by the statute is sufficient if properly addressed
and signed. "The notice should contain the substance of that
which the statute requires but no particular form is necessary."
*Kennebunkport* v. *Buxton*, 26 Maine, 66.

It seems to us that the letter did contain a statement of the
facts respecting the person chargeable as they appeared at the time
to exist. But the defendant does not so much contend that the
facts stated are not sufficient in themselves but that "the very im-
portant fact respecting the commitment of Grace E. Farnham is not
stated in either of the notices or the letter, and that is the admitted
fact that the commitment was illegal." Hence, it appears that the
chief objection to the sufficiency of the notice is not that it contains
an inadequate statement of facts if true, but that the statements
purporting to be facts are not true, the original commitment being
admitted to be illegal, and therefore no commitment at all. But
the very object of the remedial statute was to cure the defects of
the illegal commitment by a legal recommitment, and thus make
valid all the proceedings of the illegal commitment, and place them
upon precisely the same ground as if they had been legal, with
respect to the liability of the defendant town.

The fact of commitment was stated in the notice. The illegality
of commitment was cured by invoking the aid of the remedial
statute. The commitment thus cured was the one referred to in the
letter. The notice, which includes the letter, must therefore be
regarded in law as having stated the facts.

Some other technical defects appear upon the face of the notices
but they all seem to have been waived by the admission that "both
these notices were received by the overseers of the poor of the town

of Searsmont and denials of pauper settlement on the usual printed blanks were seasonably returned to them by the Overseers of Rockport." As the defendants' counsel has raised no point upon these informalities and, as by the well settled law, they seem to have been cured by waiver, we deem it unnecessary to discuss them.

Our conclusion is that the notice and letter of January 25, when construed together, are sufficient in form and substance to meet the requirements of the statute and were properly admitted in evidence. A notice dated Dec. 28, 1904, was also admitted in evidence subject to the same objection interposed to the admission of the notice already discussed and the same reasons dispose of it.

From the exceptions it appears that the two notices admitted, cover all the items claimed by the plaintiffs in their account, and that the writ is dated within two years after the cause of action accrued; that is, within two years from the date of the first item charged in the plaintiff's account. Every item charged had also accrued before the date of the writ. The plaintiffs, therefore, regardless of the notice which was given after the date of the writ, are entitled to recover the full amount sued for. In accordance with the agreement, the entry must be,

*Judgment for the plaintiff for $176.36.*